

# THE ATTORNEY GENERAL
## OF TEXAS

C O P Y
AUSTIN 11, TEXAS

Gerald C. Mann

ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3626
Re: Effective date of Article
XV, House Bill No. 5, Reg-
ular Session, 47th Legisla-
ture.

By your letter of May 31, 1941, you request our
opinion upon the effective date of the above Act, and in
connection therewith attach letter to you from the Legal
Department of the Lone Star Gas System, from which we quote
as follows:

"In line with out conversation with you on
May 27, concerning Article XV of House Bill No.
8, passed by the 47th Legislature, I advise that
we are unable to know definitely when Article
XV is effective, notwithstanding the fact that
we realize the law, as a whole, became effective
on May 1, 1941. Our inability to understand the
effective date of this article grows out of Sec-
tion 7 thereof, which reads as follows:

"'Sec. 7. No transfer of certificates tax-
able under this Article made after June 1, 1941,
on which a tax is imposed by this Article, and
which tax is not paid at the time of such trans-
fer shall be made the basis of any action or
lagal proceedings, nor shall proof thereof be
offered or received in evidence in any court of
this State.'

"Since the above quoted section has the ef-
fect of prohibiting any action or legal proceed-
ings or the introduction of any proof relative
thereto where the tax is not paid as provided in
said section, it occurs to us thatit was appar-
ently the intention of the Legislature through

said section to actually make the taxing provision effective as of June 1. In any event, in our opinion the above quoted section serves to render indefinite and uncertain the intention of the Legislature as to when the stock transfer tax becomes effective."

As stated, House Bill No. 8, enacted by the Forty-seventh Legislature, became effective May 1, 1941, in its entirety, except as otherwise expressly provided in some of the articles comprising the Act. As illustrative of the latter situation, we point to Section 30 of Article XVII of the cited Act, providing that "this Article shall take effect and be in force thirty days from and after its final passage."

We find no similar provision in Article XV of this Act, expressly postponing the effective date thereof from that of the entire Act. Hence, unless such a legislative intent can, by necessary implication, be read into the language of Section 7 of Article XV, above quoted, Article XV, and each section thereof except Section 7, would be governed by the effective date of the general Act, i.e, May 1, 1941.

This question is purely one of statutory construction, unassisted by any authorities. We think the declared purpose of Section 7 of Article XV, was to afford an added enforcement feature for the administration of the Act and the collection of the tax levied thereby, by providing that taxable certificates, transferred after June 1, 1941, without the tax stamp affixed thereon, or upon which the tax is not otherwise paid, should not be offered or received in evidence or made the basis of any action or legal proceedings. The legislative intent in imposing such judicial or evidenciary limitations or conditions upon such stock certificates after June 1, 1941, rather than causing such restrictions to become operative on the effective date of the general Act, to-wit, May 1, 1941, may well have been to afford ample time for persons or corporations, having rights or interests in such stock certificates, to comply with the terms of the Act and pay the tax levied, thus protecting their property rights from the harsh terms of this enforcement feature. But such conclusion is not inconsistent with the accrual of a tax on such taxable certificates in the interim.

In short, Section 7 of Article XV refers to an evidenciary or administrative matter rather than to the levy or accrual of a tax on stock transfers, and the date of June 1, 1941, fixed for its effective date, is limited to said Section 7, and cannot, by implication, be extended to postpone the effective date of each and every other section of said Article XV. Had it been the legislative intent to cause the accrual of the tax or the effective date of Article XV, in its entirety, to be postponed until June 1, 1941, direct and unequivocal language, similar to that used for this purpose in connection with Article XVII of the Act, above adverted to, would surely have been employed.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

PMN:LM

APPROVED JUN 11, 1941

s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

By   s/   Pat M. Neff, Jr.
                Assistant

APPROVED:OPINION COMMITTEE

By      BWB      Chairman